UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-99-HRW

BEN REED                                                                                                              PETITIONER

**MEMORANDUM, OPINION AND ORDER**

UNITED STATES OF AMERICA                                    RESPONDENT

On June 22, 2005, Ben Reed, the petitioner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. The petitioner stated on his petition form that he is presently confined at the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute") [Record No. 1]. The petitioner also filed a motion to proceed *in forma pauperis* [Record No. 2].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is the United States of America.

CLAIMS

The petitioner challenges his 1996 conviction and sentence in this Court.[1] The petitioner alleges that he had ineffective assistance of counsel and that his conviction and sentence were obtained in violation of the Sixth Amendment. The petitioner also alleges that he would not have pleaded guilty of he had known that the United States was required to prove all elements of his offense to a jury, and to prove those elements beyond a reasonable doubt. Construing that claim broadly, it appears that the petitioner is also alleging a Fifth Amendment due process claim.

DISCUSSION

This Court lacks jurisdiction over the instant §2241 petition. Federal prisoners may file a §2241 petition in which they challenge the execution or manner in which the sentence is served, only in the district court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Although a district court's jurisdiction generally is not defeated when a prisoner who has filed a §2241 petition while present in the district is involuntarily removed from the district while the case is pending, *United States ex rel. Snyder v. State of Illinois*, 442 F.Supp. 75, 76 n. 2 (N. D. Ill. 1977), that is not the case in the instant proceeding.

In this case, the petitioner was confined at FCI-Terre Haute when he filed his §2241 petition on June 22, 2005. Accordingly, his §2241 must be filed in the United States District Court for the

---

[1] The petitioner states that he was convicted in this Court in 1996. The Court takes judicial notice of the fact that on September 30, 1996, the petitioner pleaded guilty to one count of Bank Robbery by Force or Violence. *See United States of America v. Ben J. Reed, Jr.*, Ashland Criminal Action No. 96-CR-00009 (the undersigned, presiding). On December 30, 1996, the Court imposed a sentence of 150 months, to run consecutive to any state sentence the petitioner was serving, plus a term of supervised release.

Southern District of Indiana, which has jurisdiction over the Warden of FCI-Terre Haute. *See also White v. Lamanna*, 42 Fed.Appx. 670, *671, 2002 WL 857739, **1 (6th Cir.(Ohio) May 3, 2002) (Not selected for publication in the Federal Reporter).

Having determined that proper venue does not lie in this district, the Court next addresses the issue of dismissal or transfer. Title 28 U.S.C. §1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As previously noted, it appears that this suit could or should have been brought in the Southern District of Indiana, which is the district where the venue will be satisfied. The Court finds that it is in the interests of justice to transfer the case, including the pending motion to proceed *in forma pauperis*, to the United States District Court for the Southern District of Indiana.

CONCLUSION

For the foregoing reasons, this case will be **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

This June 27, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge